IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JONATHAN MCCORD,

                                      Petitioner,

    v.

DEPUTY KING of the Dane County Sheriff's
Office, in his official and individual capacities,

                                        Respondent.

ORDER

08-cv-121-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

    Petitioner Jonathan McCord, a prisoner at the Dane County jail in Madison, Wisconsin, has submitted a proposed civil action pursuant to 42 U.S.C. § 1983. He has not paid the $350 fee for filing his complaint. Therefore, I construe his complaint to include a request for leave to proceed in forma pauperis in this case. I have examined a copy of petitioner's trust fund account statement and reviewed this court's own financial records.[1]

---

[1] Petitioner did not provide a trust fund account statement for the six-month period immediately preceding the filing of his complaint as required by 28 U.S.C. § 1915(b) and the 1996 Prison Litigation Reform Act. However, I was able to use a trust fund account statement submitted by petitioner with his motion to proceed in forma pauperis on appeal in case no. 08-cv-51-bbc. This statement covers approximately the six-month period immediately preceding the filing of the complaint in this case.

1

I conclude that because petitioner is not paying the debt he incurred under the 1996 Prison Litigation Reform Act in connection with another lawsuit he filed in this district, he is not entitled to proceed in forma pauperis in this action at this time.

This court's records show that on February 4, 2005, petitioner was assessed an initial partial payment of a $150 filing fee in the amount of $2.34 in McCord v. Bertrand, 05-C-68-C. He paid the $2.34 payment on February 22, 2005. Subsequently, in an order entered on March 3, 2005, I denied petitioner leave to proceed in forma pauperis. In the same order, I advised petitioner that the unpaid balance of his filing fee was $147.66 and that he was obligated to pay this amount as described in 28 U.S.C. § 1915(b)(2) "at such time as funds exist[ed] in his prison account." Since December 2, 2005, petitioner has made only one payment of $4.00 toward this debt. He has made no other payments.

In Lucien v. DeTella, 141 F.3d 773 (7th Cir. 1998), the Court of Appeals for the Seventh Circuit cautioned prisoner litigants to keep a watchful eye on their accounts and insure that amounts owed under the Prisoner Litigation Reform Act are withdrawn on a monthly basis. "If in a given month the prison fails to make the required distribution from the trust account, the prisoner should notice this and refrain from spending funds on personal items until they can be applied properly." Id. at 776. Nonpayment of obligations a prisoner incurs under the Prisoner Litigation Reform Act for any reason other than destitution is to be understood as a voluntary relinquishment of the prisoner's right to file

2

future suits in forma pauperis, just as if the prisoner had a history of frivolous litigation. Thurman v. Gramley, 97 F.3d 185, 188 (7th Cir. 1996).

Petitioner's trust fund account statement begins August 29, 2007 and ends February 14, 2008. It shows that he has been receiving income in his prison account on a regular basis, but that he has not been paying 20% of his monthly income toward his debt in case no. 05-C-68-C as required by § 1915(b)(2). The chart below illustrates how much plaintiff is in arrears just for the period shown on his trust fund account statement. The first column shows the month in which petitioner received income; the second column shows the amount of his income that month; and the third column shows the amount petitioner should have paid toward his debt.

| Month | Income | Amount Owed (20% of previous month's income) |
|---|---|---|
| September | $75 | |
| October | $105 | $15 |
| November | $20 | $21 |
| December | $45 | $4 |
| January | $5 | $9 |
| February | $5 | $1 |
| TOTAL | $255 | $50 |

3

It is not possible to determine the exact amount petitioner must pay in order to bring his account up-to-date because the court has no way of knowing for how many months, if any, he was confined in prison between December 2, 2005, when he made his last payment, and August 29, 2007, when his present trust fund account statement starts. If petitioner was incarcerated at any time during that period, he will have to obtain trust fund account statement(s) from the appropriate institution(s) and figure the amount he owes from deposits made to his account during those times. If petitioner was not incarcerated between December 2, 2005 and August 29, 2007, then the amount he owes to bring his account up to date is the $50 indicated above.

Until petitioner notifies this court that his account is up to date in case no. 05-C-68-C and provides proof of that fact by supplying either 1) copies of his trust fund account statement(s) for the relevant period(s); or 2) an affidavit averring that he was not incarcerated after December 2, 2005 and before August 29, 2007 and a check for $50, he may not renew his request for leave to proceed in forma pauperis in this case.

ORDER

IT IS ORDERED that petitioner's request for leave to proceed in forma pauperis is DENIED.

FURTHER, IT IS ORDERED that until petitioner shows that he has paid the amount

4

he is in arrears in case no. 05-C-68-C, he may not apply for leave to proceed in forma pauperis in any future action in which he is subject to the 1996 Prison Litigation Reform Act except under the exception permitted under 28 U.S.C. § 1915(g).

Entered this  10th  day of March, 2008.

BY THE COURT:

BARBARA B. CRABB
District Judge